IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

RICKY B. CAMPBELL,

    **Movant,**

v.                                  **CIVIL ACTION NO. 5:07-0120**
                                          **Criminal No. 5:05-0013**

UNITED STATES OF AMERICA,

    **Respondent.**

### MEMORANDUM OPINION

Pending before the court is Ricky B. Campbell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]  (Doc. No. 101.)  By standing order filed in this case on February 26, 2007, this matter was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 105.)  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on November 6, 2009, and recommended that this court grant respondent's motion and remove this matter from the court's active docket.  (Doc. No. 182.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

---

[1]  Pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court construes movant's pro se filings liberally, and holds them to a less stringent standard than if they were prepared by an attorney.

to file any objections to Magistrate Judge VanDervort's PF & R. Pursuant to § 636(b)(1)(C), the court need not conduct a *de novo* review of the PF & R when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Movant submitted timely objections on November 19, 2009, (Doc. No. 183), which the court addresses below.[2]

1. **Testimony of Witnesses at Suppression Hearing**

Movant first objects to the magistrate judge's conclusion that his Fourth Amendment rights were not violated in the search of his home by members of the Beckley Police Department. The search was the subject of a motion to suppress, which this court denied following a suppression hearing. (Criminal Action No. 5:05-0013, Doc. No. 29.) In his objection, movant details the testimony of the witnesses at the suppression hearing, focusing on the testimony of Amber and Joseph Green. The Greens, who lived near movant, testified that they saw police officers around movant's house and on his front porch at what would have been approximately thirty minutes before the warrant was issued to

---

[2] Because the factual and procedural history is set forth in detail in the magistrate judge's PF & R, the court dispenses with a recitation of the same here.

-2-

search the house.  (Doc. No. 183 at 2-4.)  Campbell argues that
the Greens were credible, independent witnesses, but that the
district court disregarded their testimony in denying the motion
to suppress.  (Id. at 4-5.)

On the contrary, the transcript of the suppression hearing
indicates that the court gave due consideration to the Greens'
testimony, but – based on the totality of the evidence before the
court – concluded that the search did not begin until after the
issuance of the warrant.  (See Doc. No. 178 Ex. F at 41 (noting
that the timing of the search was "a little troublesome based on
Mr. Green's testimony," but concluding after review of evidence
that search did not begin until later).)

Importantly, movant pleaded guilty to Count Two of the
indictment, a violation of 21 U.S.C. § 841(a)(1).  It is settled
that "[a] knowing and voluntary guilty plea waives antecedent
nonjurisdictional errors, including claims of unlawful search and
seizure."  United States v. Devaughn, 2003 WL 22057945, at *1
(4th Cir. Sept. 3, 2003)(unpublished)(citing Tollett v.
Henderson, 411 U.S. 258, 267 (1973)).  Movant's objection on this
point is therefore overruled.

## 2.   Movant's Competency at Plea Hearing

Campbell next contends that he was not competent to enter a
guilty plea because at the time he entered his plea he was

-3-

suffering both from opiate withdrawal and from the effects of irregular administration of his blood pressure medications. (Doc. No. 183 at 6-7.)  At movant's guilty plea hearing, the court questioned him in detail about his health history, the medications he was taking, and his contemporaneous state of mind. (See Doc. No. 178 Ex. C at 4-5.)  The court was able to observe movant firsthand, and questioned counsel as to their opinions of his competence.  (Id. at 11-13.)  The court explained in great detail the potential penalties movant faced in tendering a plea of guilty, as well as the rights he gave up by waiving a jury trial.  (Id.)  Mr. Campbell gave every indication of being cognizant of the implications of his guilty plea, and the court thus overrules his second objection.

## 3.   Claims of Ineffective Assistance of Counsel

Movant also objects to the magistrate judge's conclusion that his trial and appellate counsel did not provide ineffective assistance.  With respect to his first trial attorney Scott McCulloch, Campbell raises several issues relating to the search warrant that he believes McCulloch should have taken up at the suppression hearing.  He contends that McCulloch did not effectively attack the information provided by the informant and the surveillance information relied upon by the Beckley Police in obtaining the warrant.  (Doc. No. 183 at 8-15.)  On the contrary,

-4-

however, Mr. McCulloch made numerous arguments about perceived deficiencies in the search warrant, including the procedural sufficiency of the affidavit, the accuracy of the information contained in the affidavit, the reliability of the surveillance information compiled by the Beckley Police, and the corroboration of information supplied by confidential informants.  (Civil Action No. 5:07-0120, Doc. No. 178 Ex. E.)  At the suppression hearing he thoroughly questioned Detective Gant Montgomery on these issues, and argued that the search warrant was supported only by conclusory allegations.  Mr. McCulloch's actions thus fall well within the wide range of conduct considered to be reasonable professional assistance under Strickland v. Washington, 466 U.S. 668, 689 (1984).

Campbell argues that his appellate attorney provided constitutionally defective assistance, as well.  (Doc. No. 183 at 18-21.)  He contends that she failed to consult with him prior to filing her appellate brief, and that she did not supplement her brief when he "gave her unequivocal instructions to correct the deficient filing."  (Id. at 20.)  Even if the issues movant wished Mooney to address on appeal had merit, however, Mooney was not required to raise on appeal every non-frivolous issue her client wished her to raise.  Jones v. Barnes, 463 U.S. 745, 751 (1983).

-5-

In her brief, Mooney argued that the district court erred in applying the gun enhancement under U.S.S.G. § 2D1.1(b)(1), the obstruction of justice enhancement under U.S.S.G. § 3C1.1, and in failing to apply the safety valve provision under U.S.S.G. § 5C1.1.  With the Fourth Circuit's permission, Campbell then filed a supplemental brief on the issues of the obstruction of justice enhancement, the safety valve provision, and the district court's denial of a reduction for acceptance of responsibility. As such, even though the appellate court affirmed his conviction and sentence, his rights on appeal were well preserved.

**4.   Claims of Prosecutorial Misconduct**

Finally, movant objects to the magistrate judge's rejection of his argument that his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated as a result of alleged prosecutorial misconduct.  (Doc. No. 183 at 15-18.)  In this regard, he asserts that Magistrate Judge Mary E. Stanley found in a separate civil action that the undersigned was misled by the testimony of Special Agent Terrance Schwartz at movant's sentencing hearing.  He contends that Agent Schwartz's testimony must therefore be deemed "tainted."

The passage to which movant refers appears in Magistrate Judge Stanley's September 12, 2008, Order in <u>Campbell v. Montgomery</u>, Civil Action No. 5:06-0659 (S.D. W. Va.):

Upon extensive review of the sentencing transcript and related documents, the undersigned concludes that Judge Faber was misled as to Plaintiff's allegations about the transmitter and the allegedly planted marijuana. That is, Plaintiff's allegation that a transmitter was left by the police was true (and Judge Faber believed that it was false), and that Plaintiff's allegation relating to "planted" marijuana was that the neighbors did it (and Judge Faber believed that Plaintiff accused the police of planting it). Moreover, it appears that defendant Montgomery testified truthfully at the sentencing hearing when he stated that <u>he</u> (as opposed to any other officer present) did not plant the transmitter.

(Civil Action No. 5:06-0659 Doc. No. 289 at 10-11.)

Magistrate Judge Stanley continued, however:

The court further finds that Judge Faber was not misled about Plaintiff's allegations regarding defendant Stan Sweeney, and was appropriately angered by them. It is significant that Agent Schwartz testified that Plaintiff told him that the alleged gun transaction involving Sweeney took place in approximately January, 2003, two years before Plaintiff was indicted, suggesting that Plaintiff fabricated the information about the gun in a misguided effort to affect the charges against himself. Because of the serious nature of the allegations, it was necessary to investigate them thoroughly; Plaintiff thus wasted governmental time and resources. Such accusations easily become the topic of rumor and thereby undermine respect for law enforcement. The undersigned is unpersuaded by Plaintiff's theory that his sentence was lengthened because of anything Defendants did.

(<u>Id.</u>)

Setting aside the question of what precedential effect Magistrate Judge Stanley's findings in an action under 42 U.S.C. § 1983 could have on the court for purposes of this § 2255

motion, it is evident that she found no prejudice to movant as a result of the testimony he cites.  Campbell's objection on this point is, likewise, without merit.

### III.  Conclusion

For the reasons set forth above, the court hereby **DENIES** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 101).  The court further **ADOPTS** the findings and conclusions contained in Magistrate Judge VanDervort's Proposed Findings and Recommendation (Doc. No. 182), **OVERRULES** movant's objections thereto (Doc. No. 183), and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and movant, pro se.

**IT IS SO ORDERED** this 31st day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge